IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALLEN JERVIS, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REDUCE TERM OF IMPRISONMENT <br><br><br> Case No. 2:22-CR-295 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on a Motion to Reduce Term of Imprisonment to Time Served filed by the United States Attorney's Office, on behalf of the Director of the Federal Bureau of Prisons (the "government"). The government seeks release of Defendant Allen Jervis pursuant to 18 U.S.C. § 3852(c)(1)(A). For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On May 28, 2025, the Court sentenced Mr. Jervis to a 60-month term of imprisonment and 36 months of supervised release, following Mr. Jervis' guilty plea to conspiracy to distribute α-PHP in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1) & (h). Mr. Jervis currently has a projected release date of November 24, 2026.

Mr. Jervis has since been diagnosed with stage IV cancer. His illness is considered terminal and he has a limited life expectancy. The government asserts that Mr. Jervis meets the criteria for a reduction of his term of imprisonment to time served under U.S.S.G. §

1B1.13(b)(l)(A) and section 3(a) ("Terminal Medical Condition") of BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(l)(A) and 4205(g).

## II. DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the Director of the Bureau of Prisons . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

As cited by the government, the United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: "(1) Extraordinary and compelling reasons warrant the reduction; . . . (2) The defendant is not a danger to the safety of any other person or to the community . . . ; and (3) the reduction is consistent with [the] policy statement."[2] Having considered the relevant § 3553(a) factors, the Court finds that Mr. Jervis is entitled to a reduced sentence of time served under § 3582(c)(1)(A).

---

[1] 18 U.S.C. § 3582(c)(1)(A)(i).
[2] U.S.S.G. § 1B1.13(a).

First, the Sentencing Commission has stated that extraordinary and compelling reasons exist where a defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)."[3] Based on the government's representations regarding Mr. Jervis' prognosis, the Court finds that extraordinary and compelling reasons exist to reduce his sentence to time-served. Further, such determination falls squarely within the Commission's policy statement.

Finally, nothing before the Court suggests that Mr. Jervis' release poses a danger to the community. Mr. Jervis will be subject to the terms of supervised release imposed by the Court at sentencing and the oversight of his assigned probation officer. The government represents that Mr. Jervis will live with family upon his release and his release plan has been approved by the United States Probation Office.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion to Reduce Term of Imprisonment to Time Served (Docket No. 641) is GRANTED. It is further

ORDERED that Mr. Jervis' term of imprisonment is hereby reduced to the time he has already served. It is further

ORDERED that Mr. Jervis shall be released from the custody of the Federal Bureau of Prisons as soon as his medical condition permits, his release plan is implemented, and necessary arrangements can be made. It is further

---

[3] *Id.* § 1B1.13(b)(1)(A).

ORDERED that upon his release from the custody of the Federal Bureau of Prisons, Mr. Jervis shall begin serving the 36-month term of supervised release previously imposed.

DATED this 11th day of March, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge